Filed 4/1/25  P. v. Hernandez CA5

**NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

# IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## FIFTH APPELLATE DISTRICT

| | |
|---|---|
| THE PEOPLE, | F088386 |
| Plaintiff and Respondent, | |
| v. | (Super. Ct. No. LF014738A) |
| NATHAN RAY ROYAL HERNANDEZ, | **OPINION** |
| Defendant and Appellant. | |

## THE COURT[*]

APPEAL from a judgment of the Superior Court of Kern County.  David R. Zulfa, Judge.

Stephanie L. Gunther, under appointment by the Court of Appeal, for Defendant and Appellant.

Office of the Attorney General, Sacramento, California, for Plaintiff and Respondent.

-ooOoo-

---

[*]     Before Levy, Acting P. J., Peña, J. and Snauffer, J.

## INTRODUCTION

Nathan Ray Royal Hernandez (appellant) pled no contest to being a felon in possession of a firearm (Pen. Code, § 29800, subd. (a)(1))[1] and other related firearms offenses. He was sentenced to two years eight months in state prison.

On appeal, appellant's appointed counsel filed a brief with this court pursuant to *People v. Wende* (1979) 25 Cal.3d 436, identifying no error and asking this court to review the record and determine if there are any reasonably arguable issues on appeal. Appellant was afforded an opportunity to submit a supplemental letter or brief but failed to do so in the time allotted.

We have conducted an independent review of the record and find no error. We affirm.

## BACKGROUND

On February 3, 2024, an officer conducted an enforcement stop on a vehicle that appellant was driving. Officers conducted a probation search of the vehicle and discovered a loaded firearm under the driver's seat.[2]

The Kern County District Attorney's Office filed an information charging appellant with being a felon in possession of a firearm (§ 29800, subd. (a)(1); count 1), possession of ammunition by a felon (§ 30305, subd. (a)(1); count 2), carrying a loaded, stolen firearm (§ 25850, subds. (a), (c)(2); count 3), carrying a loaded firearm while a member of a prohibited class (§ 25850, subds. (a), (c)(4); count 4); and carrying a loaded firearm while not the registered owner (§ 25850, subds. (a), (c)(6); count 5). The People also alleged appellant suffered a prior strike conviction. (§§ 667, subds. (b)–(i), 1170.12, subds. (a)–(d).) The People later moved to dismiss counts 3 and 4.

---

[1]     All further statutory references are to the Penal Code unless otherwise indicated.

[2]     The above factual summary is drawn from the preliminary hearing transcript.

While the instant case was pending, appellant filed a petition for writ of mandamus in this court, contending he was entitled to a dismissal because the trial court continued his trial date beyond the 60-day statutory limit without good cause. (See § 1382, subd. (a)(2).) A different panel of this court denied the petition.

The trial court indicated to appellant that if he pled no contest to all charges, admitted all allegations, and admitted a probation violation in a separate matter, it would exercise its discretion to dismiss the prior strike allegation and sentence appellant to a total term of two years eight months in state prison. (See *People v. Superior Court (Romero)* (1996) 13 Cal.4th 497.) Appellant then entered no contest pleas and admissions in accordance with the indicated sentence.

At appellant's sentencing hearing, the trial court dismissed the prior strike, then sentenced appellant to two years eight months in state prison as follows. On count 1, the trial court imposed the middle term of two years. On the probation matter, the trial court imposed a consecutive sentence of eight months. Sentences on counts 2 and 5 were ordered to run concurrently.

## DISCUSSION

As noted above, appellant's counsel filed a *Wende* brief identifying no error and asking this court to review the record to determine whether there are any arguable issues on appeal. We have conducted an independent review of the record. We find that no reasonably arguable factual or legal issues exist.

## DISPOSITION

The judgment is affirmed.